ROBERT C. ROGERS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rogers v. Commissioner
Docket No. 10725-82
United States Tax Court
T.C. Memo 1984-116; 1984 Tax Ct. Memo LEXIS 558; 47 T.C.M. (CCH) 1242; T.C.M. (RIA) 84116; March 8, 1984. Robert C. Rogers, pro se. James J. Everett, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined deficiencies in and additions to petitioner's Federal income taxes as follows: Additions to Tax
Year
Deficiency in
I.R.C. 1954
Ended
Income Tax
Sec. 6653(b)
Sec. 6654
1976
$1,234.00
$617.00
1977
1,658.00
829.00
$55.93
1978
2,259.00
1,129.50
72.29
Petitioner did not appear for trial. Respondent moved for dismissal of the petition for failure to properly prosecute and presented evidence with respect to the additions to tax for *559 fraud under section 6653(b). [1] Respondent's motion will be granted as to the deficiency and the mandatory additions to tax under section 6654, and this opinion deals solely with the additions to tax under section 6653(b), as to which respondent has the burden of proof. See Rules 123, 142(b), and 149. FINDINGS OF FACT At the time he filed his petition herein, petitioner was a resident of Phoenix, Arizona. Petitioner did not file any income tax returns for the years 1976, 1977, and 1978, although during those years he received wages of at least the following amounts: Employers
1976
1977
1978
Northwest Electric, Inc.
Farmington, New Mexico
$1,989.90
Stearns-Roger, Inc.
[Stearns-Roger]
Denver, Colorado
10,206.15
$11,595.78
$25,367.46
On or about June 9, 1976, petitioner filed with Stearns-Roger an employment application and withholding certificate in which he *560 did not claim any withholding allowances. He was terminated by Stearns-Roger on October 28, 1976, and rehired on or about June 13, 1977. On the date of rehire, petitioner delivered to Stearns-Roger a Form W-4E, Exemption From Withholding, on which he certified under penalties of perjury that he incurred no liability for Federal income tax for 1976 and anticipated no liability for Federal income tax for 1977. On or about May 4, 1978, and again on July 24, 1978, petitioner delivered to Stearns-Roger a Form W-4, Employee's Withholding Allowance Certificate, on which he certified under penalties of perjury that he incurred no liability for Federal income tax for the prior year and that he anticipated no liability for Federal income tax for the then current year. During 1976, Stearns-Roger withheld Federal income taxes of $1,238.63 from petitioner's wages. No Federal income tax was withheld by Stearns-Roger from petitioner's wages for 1977 or 1978. On or about April 15, 1978, petitioner tendered to the Internal Revenue Service a Form 1040 for 1977, on which the words "object self incrimination" were inserted on lines calling for his occupation, his filing status, or information *561 concerning his gross income, taxable income, or tax due. Attached to that form were various tax protest materials. Petitioner was not exempt from income taxes during the years 1976, 1977, or 1978 and had no reason to believe that he was so exempt. When he submitted the Forms W-4E to Stearns-Roger, he knew that the statements he made on those forms were false. OPINION The 50-percent addition to tax in the case of fraud is a civil sanction provided primarily as a safeguard for the protection of the revenue and to reimburse the Government for the heavy expense of investigation and the loss resulting from the taxpayer's fraud. . Respondent has the burden of proving, by clear and convincing evidence, that some part of the underpayment for each year was due to fraud. Section 7454(a); Rule 142(b). This burden is met if it is shown that the taxpayer intended to evade taxes known to be owing by conduct intended to conceal, mislead, or otherwise prevent the collection of such taxes. ; , *562 affg. a Memorandum Opinion of this Court. The existence of fraud is a question of fact to be resolved upon consideration of the entire record. , affd. without pub. opinion . Fraud will never be presumed. . Fraud may, however, be proved by circumstantial evidence because direct proof of the taxpayer's intent is rarely available. The taxpayer's entire course of conduct may establish the requisite fraudulent intent. ; . Failure to file tax returns, without more, is not proof of fraud; such omission may be consistent with a state of mind other than the intention and expectation of defeating the payment of taxes. ;, reversing a Memorandum Opinion of this Court. Failure to file, however, may be considered in connection with other facts in determining whether *563 any deficiency or underpayment of tax is due to fraud. . With respect to the calendar year 1976, respondent has presented no evidence other than proof of nonfiling of a return. For that year the Notice of Deficiency shows petitioner's total tax liability to be $1,234, which is less than the amount withheld by Stearns-Roger from petitioner's wages. The notice further states that the net tax due is $158.25, after crediting against the tax $1,075.75 "Withholding [and] Excess FICA." It appears from the explanation attached to the notice that some of the withholding may have been credited to the tax liability of petitioner's spouse; but the notice is not evidence. Thus there is no clear and convincing evidence that petitioner underpaid his tax for 1976, and the evidence in the record suggests the opposite conclusion. Respondent has, therefore, failed to sustain his burden of proving fraud for that year, and the addition to tax for that year cannot be sustained. Respondent has shown that petitioner filed forms with his employer for the years 1977 and 1978 on which he falsely claimed that he was exempt from Federal income *564 taxes and that, as a result, no Federal income tax was withheld from petitioner's wages paid by Stearns-Roger for either of those years. Filing of false certificates claiming that the taxpayer is exempt from income tax is evidence of fraud. , on appeal (2d Cir., Sept. 13, 1983); ; , on appeal (6th Cir., June 7, 1983); . The form tendered to respondent as petitioner's Form 1040 for the year 1977 supports the inference that petitioner's failure to file tax returns was motivated by a fraudulent intention to evade taxes rather than a genuine fear of self-incrimination. See ; , affd. per curiam . Under these circumstances, respondent has presented clear and convincing evidence of fraud as to 1977 and 1978, and the additions to tax must *565 be sustained for those years. Decision will be entered for the respondent for the full amount of the deficiencies for each year and for the amounts of the additions to tax determined for 1977 and 1978 only.
Footnotes
1. Unless otherwise indicated, all statutory references are to the Internal Revenue Code of 1954, as amended and in effect during the years in issue. Unless otherwise indicated, any reference to "Rules" shall be deemed to refer to the Tax Court Rules of Practice and Procedure.↩